# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTONIO MCCORD, | * | |
| | * | |
| Plaintiff, | * | CA NO.: 1:16-cv-00619-KD-C |
| | * | |
| v. | * | |
| | * | |
| STANDARD FURNITURE, INC., | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and S.D. Ala. Gen. L.R. 72(a)(2)(S), on Defendant Standard Furniture, Inc.'s, ("Standard") Partial Motion to Dismiss Plaintiff's Complaint ("motion to dismiss"), (Doc. 15), filed on February 1, 2017, and Plaintiff Antonio McCord's Motion to Amend Complaint, (Doc. 25), filed on March 10, 2017, with an attached First Amended Complaint, (Doc. 25-2). Upon consideration of the Complaint ("original Complaint"), (Doc. 1); Defendant Standard's motion to dismiss, (Doc. 15,) and brief in support, (Doc. 16); Plaintiff McCord's response, (Doc. 23); Defendant Standard's reply, (Doc. 24); Plaintiff McCord's Motion to Amend Complaint, (Doc. 25); Defendant Standard's response, (Doc. 26), as well as oral argument heard on March 14, 2017, the Magistrate Judge **RECOMMENDS** that Defendant Standard's motion to dismiss, (Doc. 15), should be **GRANTED**, such that Plaintiff McCord's Americans With Disabilities Act claim, Count II of his Amended Complaint, (Doc. 25-2),

is dismissed with prejudice, at Plaintiff's cost,[1] and Plaintiff McCord's Motion to Amend Complaint, (Doc. 25), should be **GRANTED IN PART** and **DENIED IN PART**.

### FINDINGS OF FACT

Plaintiff McCord filed his original Complaint, *pro se*, on November 10, 2016, in the Circuit Court of Baldwin County, Alabama, (Doc. 1, at 5-8), and Defendant Standard timely removed this proceeding to this Court on November 13, 2016. (Doc. 1). In Plaintiff McCord's "FACTUAL SITUATIONS" section of his original Complaint, he stated that he was subjected to "unlawful termination of employment/retaliation." (Doc. 1, at 6). In the "CAUSES OF ACTION," section of his Complaint, Plaintiff McCord alleged that "[t]he Defendant has violated numerous federal and state laws in the unlawful termination of the Plaintiff . . . . The Defendant's termination of the Plaintiff was arbitrary, unreasonably discriminatory, and retaliatory, all in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 USC §2000e(k)." (Doc. 1, at 6). Plaintiff McCord did not reference or attach any charge he filed with the Equal Employment Opportunity Commission ("EEOC") to his original Complaint. (Doc. 1).

Plaintiff McCord previously filed a Charge of Discrimination with the EEOC on August 4, 2016. (Doc. 16-1). In Plaintiff McCord's Charge, he alleged that he "believe[d] [he] was terminated because of [his] disability." (Doc. 16-1). Plaintiff McCord did not provide any information about the nature of his disability or what major life activity was substantially limited by any alleged disability. (Doc. 16-1)

---

[1] During the hearing before the Court on March 14, 2017, the Parties stipulated that the governing amended complaint at issue would be the First Amended Complaint, (Doc. 25-2), Plaintiff McCord filed with his Motion for Leave to Amend, (Doc. 26).

[2] Plaintiff McCord's First Amended Complaint, (Doc. 5), was filed outside the time in which to amend as a matter of course, and he did not obtain the opposing party's written consent or the court's

One week later, on August 11, 2016, the EEOC mailed out its Dismissal and Notice of Rights to the same address Plaintiff McCord gave the EEOC one week earlier and advised him: (1) the EEOC could not conclude any violation of the law had occurred; and (2) he must file a lawsuit "**WITHIN 90 DAYS of [his] receipt of this notice**, or your right to sue based on this charge will be lost." (Doc. 16-2) (emphasis in original).

On December 21, 2016, Defendant Standard filed its Answer to the original Complaint. (Doc. 2). Kira Fonteneau, Esquire, filed a Notice of Appearance on behalf of Plaintiff McCord, (Doc. 4), on January 25, 2017, and contemporaneously filed a First Amended Complaint, (Doc. 5)[2]. On March 10, 2017, Plaintiff McCord sought leave to file a "corrected" First Amended Complaint ("Amended Complaint"). (Doc. 25).

In Plaintiff McCord's Amended Complaint, which the Court deemed filed on March 14, 2017, he asserted three claims, marked by three Counts: (I) Family and Medical Leave-Retaliation; (II) Americans with Disabilities Act; and (III) Retaliatory Discharge in Violation of ALA. Code § 25-5-11.1. (Doc. 25-2).[3] The Amended Complaint did not assert a Title VII retaliation claim, as had been stated in the original Complaint. (*Compare* Doc. 5 *with* Doc. 1, at 5-8).

---

[2] Plaintiff McCord's First Amended Complaint, (Doc. 5), was filed outside the time in which to amend as a matter of course, and he did not obtain the opposing party's written consent or the court's leave to amend his complaint. *See* FED. R. CIV. P. 15(a)(1) & (2) ("(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

[3] In Plaintiff McCord's Amended Complaint filed January 2017, he asserted an FMLA Interference Claim. (Doc. 5, at 7-8). In response to Defendant Standard's motion to dismiss, (Doc. 15), Plaintiff McCord withdrew that claim, (Doc 23, at 2; *compare* Doc. 5 *with* Doc. 26-2). Accordingly, Plaintiff's FMLA Interference claim is dismissed, with prejudice, at Plaintiff's cost.

3

Defendant Standard argues in its Motion to Dismiss, (Doc. 15), and supporting brief, (Doc. 16), that Plaintiff McCord's ADA Claim in his Amended Complaint should be dismissed because it was time-barred in light of Plaintiff's failure to file a complaint asserting an ADA claim within 90 days of his receipt of the Dismissal and Notice of Rights from the EEOC, (Doc. 16-1).

In Plaintiff McCord's response, he argues that his ADA claim was timely because: (1) the original Complaint stated and/or gave notice of an ADA claim; (2) his Amended Complaint related back to his original Complaint; or, in the alternative, (3) his Amended Complaint related back to his EEOC charge, which should suffice to give notice that he was asserting a disability discrimination claim in this litigation. (Doc. 23).

## **CONCLUSIONS OF LAW**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must

4

contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief.

*Iqbal*, 556 U.S. at 678–79, 129 S. Ct. at 1949–50 (internal citations and quotation marks omitted); *see id.* at 680, 129 S. Ct. at 1951 (concluding that a respondent's complaint had not "nudged [his] claims" of invidious discrimination "across the line from conceivable

to plausible."); *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010) ("[G]iven the pleading standards announced in *Twombly* and *Iqbal,* [plaintiff] must do more than recite [ ] statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to 'raise a right to relief above the speculative level.'").

A plaintiff must file his complaint asserting ADA claims within 90 days of his receipt of a right to sue letter. *Henderson v. NCO Fin. Sys.*, No. CA 09-0769-CG-C, 2010 WL 1382737, at *4 (S.D. Ala. Mar. 12, 2010); *accord*, *Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983) (per curiam); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (per curiam). The plaintiff has the burden to prove that he met the 90-day filing requirement. *Henderson*, 2010 WL 1382737, at *4 (citing *Green v. Union Foundry Co.,* 281 F.3d 1229, 1234 (2002)). When a plaintiff does not assert that he received the right to sue letter on a specific date, "the Court presumes the plaintiff received the letter three days after it was mailed," *Henderson*, 2010 WL 1382737, at *5.

In this instance, the EEOC mailed out the right to sue letter to Plaintiff McCord on August 11, 2016. (Doc. 5-2). Plaintiff McCord has not alleged that he received this notice on any specific date; thus, the Court presumes he received it on or before August 15, 2016. *Mims v. Monroe Cty. Bd. of Educ.*, Civil Action No. 13-00643-KD-M, 2014 WL 2508732, at *3 (S.D. Ala. June 4, 2014); *Henderson,* 2010 WL 1382737, at *5. Accordingly, Plaintiff McCord had until November 14, 2016, in which to file a lawsuit asserting any alleged violation of the ADA. *Mims*, 2014 WL 2508732, *3 (noting that the 90-day period begins one day after the day of the event that triggers the limitations period); *Henderson,* 2010 WL 1382737, at *5.

With respect to his original Complaint, Plaintiff McCord admits "the Complaint did not specifically mention the Americans with Disabilities Act." (Doc. 23, at 5).

Plaintiff McCord argues, however, that because he claimed that Defendant Standard violated unidentified "numerous other federal and state laws," and because the ADA is a federal law, the allegations in his Complaint state an ADA claim. (Doc. 23, at 1 & 5).

The Court finds there are two reasons for rejecting this argument. First, from a factual standpoint, Plaintiff McCord did not allege he was discriminated against on the basis of any disability in his original Complaint. (Doc. 1). Indeed, Plaintiff McCord did not allege he had any disability or was regarded as or had a record of being disabled. (Doc. 1). Rather, Plaintiff McCord's only factual allegation was he was terminated due to retaliation. (Doc. 1, ¶ 5).

Second, it follows that, as a matter of law, Plaintiff McCord's failure to identify any alleged disability is fatal to his ability to withstand a motion to dismiss an ADA claim. In *Chapman v. U.S. Postal Service*, 442 F. App'x 480, 485 (11th Cir. 2011), the United States Court of Appeals for the Eleventh Circuit affirmed the dismissal of an employee's ADA claim on the basis that she had not properly stated such a claim. In *Chapman*, the employee stated that a physical or mental disability was a factor of discrimination, and that she received the warning letter, in part, due to a disability. *Id.* Nonetheless, the Eleventh Circuit held dismissal of her ADA claim was warranted because:

> Chapman . . . failed to establish a claim under the ADA because she did not sufficiently allege a disability. . . . She did not specify whether she had a physical or a mental disability, what the disability was, or how it impaired a major life activity. *See* 42 U.S.C. § 12102(1)(A). She also did not provide any record of an impairment within her second amended complaint, or allege that her supervisors believed that she had an impairment. *See id*. § 12102(1)(B)–(C). Therefore, Chapman also failed to state a claim for relief under the ADA.

*Id*.

7

In *Brown v. Mobile Cty. Comm'rs*, Civil Action No. 14-00343-KD-C, 2015 WL 1444965, at *6 (S.D. Ala. Mar. 30, 2015), a *pro se* plaintiff's ADA claim was dismissed, with prejudice, because the Court held:

> The Plaintiff's bare assertion that she was discriminated against on the basis of disability is unsupported by any factual allegations demonstrating the plausibility of such a claim. The Plaintiff cannot state a claim for disability discrimination merely by asserting that she was injured in an automobile accident in her employee parking lot. *See Marsh v. Ga. Dept. of Behavioral & Health Developmental Disabilities*, No. CV410–273, 2011 WL 806423, at *1 (S.D. Ga. Feb. 14, 2011) ("[P]laintiff must plead more than threadbare recitals, legal conclusions and the mere possibility of misconduct . . . . [I]t is not sufficient to simply cite to various health problems and an adverse employment result." (citations omitted)), *report and recommendation adopted by* No. CV410-273, 2011 WL 806658; *Royster v. Escambia Cty. Nursing Home*, No. 3:06cv52/MCR/MD, 2006 WL 5882171, at *3 (N.D. Fla. Mar. 31, 2006) ("[P]laintiff neither claims nor alleges facts to suggest she has a disability. Even assuming arguendo that she does, she fails to allege facts that even remotely suggest defendants' decision to deny her medical benefits was the result of discrimination based on disability.").

*Brown*, 2015 WL 1444965, at *6.

In the above cases, the *pro se* plaintiff alleged that he or she was discriminated against on the basis of a disability or alleged that he or she had a disability. In contrast, in Plaintiff McCord's original Complaint, he failed to identify any disability, any injury, or any alleged act of discrimination due to any alleged disability. Accordingly, Plaintiff McCord failed to state any ADA claim in his original Complaint.

Next, Plaintiff McCord argues that even if he did not state an ADA claim in his original Complaint, then he has stated one in his Amended Complaint, and he asserts that his Amended Complaint should relate back to his original Complaint. Rule 15 governs when an amended pleading "relates back" to the date of a timely filed pleading and is timely even though it was filed outside an applicable statute of limitations. *See Brown v. Montgomery Surgical Ctr.*, No. 2:12-CV-553-WKW, 2013 WL 1163427, at *7 (M.D. Ala. March 20, 2013) ("The rule provides that an amended pleading 'relates back' to the

8

date of the original pleading when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.' FED. R. CIV. P. 15(c)(1)(B). '[T]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted.' *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). Only if 'the original and amended [complaints] state claims that are tied to a common core of operative facts, relation back will be in order.' *Mayle v. Felix*, 545 U.S. 644, 664 (2005). On the other hand, '[w]hen new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed.'" *Moore*, 989 F.2d at 1131.)

Furthermore, the fact that Plaintiff McCord filed his original Complaint *pro se* is not relevant to the issue of whether his Amended Complaint relates back to his original Complaint. *See Montgomery Surgical Ctr.*, 2013 WL 1163427, at *7 ("[An employee's] *pro se* status at the commencement of this suit provides no basis for leniency in the application of Rule 15(c)(1)(B). *Pro se* litigants remain 'subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.'" *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989)). While a *pro se* complaint is held to a less stringent standard than a formal pleading drafted by a lawyer, the original complaint must still provide notice of the claims asserted. *Montgomery Surgical Ctr.*, 2013 WL 1163427, at *7.

In *Montgomery Surgical Center*, the employee filed a *pro se* complaint alleging that she was subjected to retaliation by her employer. *Id.* at *2-3. The employee did not mention any alleged medical condition, disability, or alleged disability discrimination in the original complaint. *Id.* at *8. The original complaint was filed within 90 days of her receipt of the EEOC's right to sue notice. *Id.* at *3. The employee subsequently filed an

9

amended complaint, well beyond the 90-day statute of limitations, alleging that she was denied a reasonable accommodation and discriminated against on the basis of a disability. *Id.* In dismissing the employee's ADA claims on the basis that they were not timely filed (*i.e.*, filed within 90 days of her receipt of the right to sue letter), the court stated:

> The court is compelled, thus, to find that the ADA failure-to-accommodate claim alleged for the first time in the Amended Complaint raises conduct that is new and distinct from the conduct alleged in the original Complaint. There is no common core of operative facts between the two pleadings. . . . The original Complaint (and its attachments) are insufficient to place [the employer] on notice that [the employee] was attempting to assert conduct that might later serve as the basis for an ADA failure-to-accommodate claim.

*Id*. at *8; *see also*, *Moore v. Baker*, 989 F.2d 1129, 1131-32 (11th Cir. 1993) (affirming district court's denial of plaintiff's motion to amend her complaint to add a negligence claim because: the new claim, based on alleged negligence that occurred during and after a surgery, did not arise out of the same conduct, transaction, or occurrence asserted in the original complaint-negligent failure to inform the plaintiff of an alternative to surgery; the new claim would involve the plaintiff having to prove a different set of facts than she would have had to prove on her claim asserted in the original complaint; given these facts, the amended complaint did not "relate back" to the original complaint; and, accordingly, the claim was time-barred); *Merker v. Miami-Dade County, Florida*, 485 F. Supp. 2d 1349, 1354-55 (S.D. Fla. 2007) (holding an ADA claim in a proposed amended complaint was time-barred because it did not relate back to the wrongful death claim in the original complaint given that the two claims would involve a different set of facts that needed to be proven).

As in *Montgomery Surgical Center* and the cases cited above, Plaintiff McCord's ADA claim in his Amended Complaint does not relate back to the Title VII retaliation

claim in his original Complaint because: (1) his original Complaint failed to provide any notice that he would be suing based on an alleged disability in violation of the ADA as he did not allege he had any disability or had experienced any discrimination due to a disability; and (2) an ADA discriminatory discharge claim involves a different set of facts that must be proved for a retaliation claim. Therefore, the ADA claim does not arise out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original Complaint. Moreover, as in *Montgomery Surgical Center*, the fact that Plaintiff McCord filed his original Complaint *pro se* does not change this analysis given the lack of factual allegations concerning any alleged disability in his Complaint.

Finally, with respect to Plaintiff McCord's argument that his Amended Complaint can relate back to his EEOC charge, although he checked the "disability" box in his charge, he failed to identify any facts on which to base such claim such as the nature of his disability, what major life activity was substantially impaired by his alleged disability, etc. (Doc. 16-1). Moreover, as a matter of law, even had Plaintiff McCord properly asserted a disability discrimination claim in his EEOC charge, that will not suffice to permit an amended complaint to relate back to an original pleading under Rule 15.

## CONCLUSION

Accordingly, the Magistrate Judge **RECOMMENDS** that Defendant Standard's motion to dismiss, (Doc. 15), should be **GRANTED IN PART** as to Count II, Plaintiff's McCord's ADA claim, asserted in his Amended Complaint, (Doc. 25-2), which should be **DISMISSED WITH PREJUDICE**, and **DENIED IN PART** as to the remainder of its motion. Further, the Magistrate Judge is of the opinion that Plaintiff McCord's Motion to Amend Complaint, (Doc. 25), should be **GRANTED IN PART** as to Counts I and III and **DENIED IN PART** as to Count II.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. Gen. L.R. 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 22nd day of March 2017.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**